[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Shelton, Connecticut, on September 25, 1987. There are no children issue of the marriage. The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
The parties had lived together for 2 1/2 years before they married. The marriage itself was a rocky one. In 1988 the plaintiff moved out for two or three months. The parties talked on the telephone, worked out their difficulties and the plaintiff returned to the marital home. But in April 1990 she left again and this action was started and returned to court on September 26, 1990.
The plaintiff claimed that there was no physical relationship between them, that the defendant refused to admit anything was wrong and to go to counselling, and that they did not take any vacations. However, the court notes that the defendant went to Florida to buy a car and did not take the plaintiff along with him even for the short time he was going to be away. The plaintiff claimed there was no companionship between them. The defendant worked a regular shift at Sikorsky and when he came home he ate the dinner the plaintiff had prepared for him and then left to take care of the properties he owned. He also worked on weekends and holidays on these properties. The court notes that although the plaintiff also was working at Sikorsky as a production control person and earning $25,000 a year, all her money except for a small amount of savings must have gone into the family life. The defendant bought her car on his trip to Florida and paid for it. That is the plaintiff's only possession. She does not have any jewelry, clothing or coats worth noting on her Financial Affidavit.
The defendant claimed that there was a communication problem and a lack of conversation between them, that the plaintiff did not see eye to eye with him on a lot of matters, that he tried to go over finances with her but she claimed she was not good at numbers, that she never offered to pay for anything.
The court believes the plaintiff and finds that the defendant CT Page 10891 is solely at fault for the breakdown of the marriage and that the plaintiff was not at fault in any way for the breakdown.
The parties did agree on the division of their personal property and no problem remains with regard to it.
The defendant argues that the plaintiff is not entitled to any part of the real estate because she did not put anything into the properties. Of the thousands the plaintiff earned during the relationship, nothing remains for her but $3,800 in a savings account in the Sikorsky Credit Union and the Sikorsky Employee Savings Bank plus a $300 U.S. Savings Bond.
The court notes that the property at 37 Sagamore Drive in Seymour according to an appraisal is worth $226,000. The defendant owned the lot at that address and during the marriage built the home on the lot. The parties intermarried on September 25, 1987 and the house was built during 1988. On June 13, 1988 the defendant signed a quitclaim deed creating a joint tenancy on the property between the plaintiff and the defendant. Whether the house on that date was completely finished or some percentage of it remained to be done does not appear in the evidence. There is a mortgage on the property of $168,000, leaving an equity of $58,000. The defendant at this time owns one-half of that equity or $29,000. The court awards to the plaintiff the defendant's equity and orders the defendant to quitclaim his interest in the property to the plaintiff who shall assume the mortgage and be responsible for the payment of it.
No periodic alimony is awarded to the plaintiff.
The fee of the plaintiff's attorney for representing her in this matter is $4,904.73. The defendant is ordered to pay one-half of that amount to the plaintiff's attorney within six months of the date hereof.
The plaintiff may resume her maiden name of Robin Rex.
THOMAS J. O'SULLIVAN, TRIAL REFEREE